UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK WAYNE BREWER, SR.,<br><br>Defendant. | 5:24-CR-50010-KES<br><br><br>**ORDER DENYING MOTION<br>FOR COMPASSIONATE RELEASE** |

Defendant, Patrick Wayne Brewer, Sr., filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Docket 71. The Federal Public Defender filed a notice of intent not to file supplemental briefing on Brewer's behalf. Plaintiff, the United States of America, opposes the motion. Docket 73. For the following reasons, Brewer's motion for compassionate release is denied.

## BACKGROUND

In January 2024, Brewer was charged with kidnapping, assault with a dangerous weapon, and assault resulting in serious bodily injury. Docket 1. On May 24, 2024, Brewer entered a plea of guilty to the charge of assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(a)(6) and 1153. Docket 33. Under the terms of the plea agreement, the charges of kidnapping and assault with a dangerous weapon were dismissed. Docket 28. On August 12, 2024, the court sentenced Brewer to 46 months in custody, followed by three years of supervised release. Docket 53. On August 23, 2024, Brewer appealed

his sentence to the Eighth Circuit. Docket 57. This appeal is currently pending. USCA No. 24-2723; Docket 59.

Brewer's projected release date is April 26, 2030. *See Find an Inmate*, Fed. Bureau of Prisons, (register number 95344-510; last visited Mar. 11, 2026). He is currently serving his sentence at the Victorville United States Penitentiary. *Id.*

As grounds for relief, Brewer cites:

1. § 1B1.13(b)(1)(B), personally suffering from a serious physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility;
2. § 1B1.13(b)(3)(A), caregiver of children;
3. § 1B1.13(b)(3)(B), (C), and (D), caregiver of family member who is incapacitated; and
4. § 1B1.13(b)(5), combination of circumstances similar in gravity.

Docket 71 at 4-5.

## DISCUSSION

Sentences are final judgments, meaning a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C § 3582(c). Congress passed The First Step Act (FSA) in 2018, facilitating an exception to the finality of sentences. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In relevant part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants to file motions with the court seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). A reduction in sentence must consider the 18 U.S.C.

§ 3553(a) sentencing factors and be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The Sentencing Commission's policy statement on compassionate release requires "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)-(b). The policy statement was amended on November 1, 2023, to reflect the FSA's authorization for federal courts to rule on compassionate release motions initiated by defendants. U.S.S.G § 1B.13, amend. 814. Amendment 814 to the Sentencing Commission policy statement also expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. *See id.*; *2023 Amendments in Brief*, U.S. Sent'g Comm'n, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf (last visited Mar. 4, 2026).

## I. Administrative Exhaustion

Before the FSA's passage, only the Bureau of Prisons (BOP) Director had the authority to bring a compassionate release motion on a defendant's behalf. *See* 18 U.S.C. § 3582(c)(1)(A) (2002), *amended by* 18 U.S.C. § 3582(c)(1)(A) (2018). With the enactment of the FSA, Congress has permitted courts to grant a motion for a reduction in sentence filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf or the lapse of thirty days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Brewer submitted a request for a reduction in sentence to the warden of his facility on June 12, 2025. Docket 71 at 3, 17-18. The warden denied the request on July 8, 2025. *Id.* at 3. The United States concedes that Brewer has exhausted his administrative remedies. Docket 73 at 4. Thus, the court reviews Brewer's motion on the merits.

## II. Extraordinary and Compelling Reasons

Congress directed the Sentencing Commission to describe what "should be considered extraordinary and compelling reasons" for compassionate release and fashion "the criteria to be applied and a list of specific examples." *See* 28 U.S.C. § 994(t). The Sentencing Commission Policy Statement, as amended in November of 2023, responded by identifying six categories of "extraordinary and compelling reasons" justifying compassionate release. U.S.S.G § 1B1.13(b)(1)-(4), amend. 814. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. *Id.* A fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth

4

category arises if the defendant has received an unusually long sentence, served at least ten years, and a change in law produces a gross disparity between the sentence being served and the sentences likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

Rehabilitation of the defendant is not an extraordinary and compelling reason in and of itself but "may be considered in combination with other circumstances in determining whether and to what extent a reduction" in sentence is warranted. U.S.S.G. § 1B1.13(d). An extraordinary and compelling reason need not be unforeseen at the time of sentencing to warrant compassionate release. U.S.S.G. § 1B1.13(e).

### A. Medical Circumstances Pursuant to U.S.S.G. § 1B1.13(b)(1)(B)

Brewer claims he has an extraordinary and compelling reason for release related to his medical circumstances. Docket 71 at 4. He states that he suffers from "PTSD, MDD, & TBI." *Id.* at 19. He provides no additional information regarding these conditions.

The United States argues that, as indicated in the PSR, Brewer "denied any ongoing physical health conditions" other than cholesterol and occasional cortisol shots for shoulder pain. Docket 73 at 5 (quoting Docket 54 ¶ 64). As to any mental health claim, the United States notes that the PSR relates that Brewer "believed he had previously been diagnosed with PTSD and depression." *Id.* (citing Docket 54 ¶ 65). It also notes that "[i]t appears he has received some consultation for chronic low back pain" while incarcerated. *Id.* But the United

States argues that Brewer's contentions do not meet the requirements of § 1B1.13(b)(1)(B). *Id.* at 4. In particular, it asserts that he has not shown that he is unable to provide self-care. *Id.* at 5. It also argues that "his conditions are well monitored, and he regularly has medical visits in prison." *Id.* Finally, it asserts that all of Brewer's "medical conditions are stable and under control." *Id.*

Under subcategory (B), an extraordinary and compelling reason for early release exists where due to a serious medical condition, cognitive impairment, or aging, the defendant presents with a substantially diminished ability "to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13(b)(1)(B). This court has found that a defendant is able to provide self-care if he can complete the tasks of daily living. *See, e.g., United States v. Ibrahim*, 2024 WL 554548, at *3 (D.S.D. Feb. 12, 2024) ("Where a defendant can complete the tasks of daily living and provide self-care, courts have found that early release is not appropriate."); *United States v. Robertson*, 2025 WL 370618, at *4 (D.S.D. Feb. 3, 2025) (finding same).

A review of Brewer's medical records confirms that his health problems include "[m]ajor depressive disorder" and "[p]ost-traumatic stress disorder." Docket 72 at 12, 22, 30. These records also indicate that he has "[l]ow back pain, pain in unspecified joint, and [history] of left shoulder stab injury in 2020." *Id.* at 30. But the court found no information in Brewer's medical records indicating that he suffers from a "TBI." *See generally id.* Furthermore, the record does not contain evidence that his medical conditions are unstable

or uncontrolled. Instead, it appears that his conditions are well monitored and he receives regular medical visits.

After considering the limited medical information provided by Brewer and after a thorough review of the medical records available, the court finds that he has failed to show that he is suffering from any condition or impairment or that he is experiencing deteriorating physical or mental health because of the aging process that substantially diminishes his ability to provide self-care while incarcerated. Thus, Brewer has failed to substantiate an extraordinary and compelling reason for compassionate release under § 1B1.13(b)(1)(B).

The United States also argues that Brewer is claiming an extraordinary and compelling reason for release under medical circumstances as set forth in § 1B1.13(b)(1)(C). Docket 73 at 4. But Brewer did not "check the box" indicating that he is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which [he is] at risk of serious deterioration in health or death." *See* Docket 71 at 5. Thus, the court will not consider the United States' argument under § 1B1.13(b)(1)(C).

**B. Care of a Child Pursuant to U.S.S.G. § 1B1.13(b)(3)(A)**

The court interprets Brewer's argument that he is the sole person available to provide care for his children under the "family circumstances of the defendant" portion of U.S.S.G. § 1B1.13(b)(3)(A). This section provides in relevant part that extraordinary and compelling reasons may be established due to "the death or incapacitation of the caregiver of the defendant's minor child." *See* U.S.S.G. § 1B1.13(b)(3)(A).

Brewer indicates that his wife (who was also the victim of the instant offense) passed away on May 22, 2025, and that his kids are "lost and alone" without him. Docket 71 at 6. He advises that he is the "sole surviving parent [for his children] and only source of financial stability and income" and that they are "on their own" without him. *Id.* Brewer further advises that his 19-year-old daughter and his 42-year-old sister have also passed away and that "[l]ife is very difficult for [his] remaining children." *Id.* at 19. He asserts that his oldest son is "having constant suicide attempts because of his mom dying and from me being in prison." *Id.* He describes that "[l]osing a spouse while incarcerated is life shattering" and that he worries about "my/our children." *Id.*

The United States admits that the "struggle Brewer's eldest son is experiencing after the recent death of his mother is understandable and tragic." Docket 73 at 6. It points out, however, that Brewer's eldest son is an adult and that Brewer "has not offered evidence that this son is incapacitated himself." *Id.*

The court agrees that the struggle Brewer's eldest son is going through is tragic and it is understandable why he is having a difficult time. But to meet the standard under U.S.S.G. § 1B1.13(b)(3)(A), Brewer must prove that the child over the age of 18 is "incapable of self-care because of a mental or physical disability or mental condition." Brewer has provided no evidence or information that his adult son cannot take care of himself. And while the court is sympathetic to the oldest son's situation, the limited information provided by Brewer does not rise to the required legal standard.

Brewer must also establish that the current caregiver of any minor child is incapacitated. The United States points out that "Brewer's minor son was 16 years old at the time of the PSR in August 2024." *Id.*; s*ee also* Docket 54 ¶ 58. It further notes that at that time, the minor son was residing with his maternal grandparents. Docket 73 at 6. It thus argues that "[w]ithout further information, there is no indication that arrangement is no longer working." *Id.*

Brewer does not provide the court any information that the arrangement with the maternal grandparents is no longer working nor does he provide evidence that either or both of the grandparents are "deceased or incapacitated." In addition, for family circumstances to amount to an extraordinary circumstance, a defendant must show he is the *sole* available caregiver for his minor children and that he would be a *suitable* caregiver. *See United States v. Crow*, 2023 WL 4493500, at *4 (D.S.D. July 12, 2023); *United States v. Cates*, 2023 WL 167409, at *3 (M.D.N.C. Jan. 12, 2023); *United States v. Hall*, 2022 WL 2105975, at *3 (D. Md. June 10, 2022); *United States v. Hood*, 2024 WL 3598991, at *2 (D. Neb. July 30, 2024).

This court and other courts in the District of South Dakota have relied on the BOP program statement found at 5050.50 to offer guidance in this area. *United States v. Merle Seeking Land*, 2024 WL 3887068, at *3 (D.S.D. Aug. 21, 2024); *United States v. Watson*, 2024 WL 1093757, at *4 (D.S.D. Mar. 13, 2024). Some of the relevant questions to evaluate the best interest of the child include:

- Has the inmate committed violent acts before or during the period of incarceration as reflected in the PSR, institutional disciplinary records, or other appropriate documentation?

- Did the inmate have drugs, drug paraphernalia, firearms, or other dangerous substances in the home while caring for the child prior to incarceration?

- To what degree has the inmate had contact with or cared for the child prior to arrest, pretrial or pre-sentence, and during incarceration?

- Is there any evidence of child abuse, neglect, or exploitation in the PSR or other documents?

- Are there any documents regarding the inmate's parenting skills or obligations (e.g., child support orders, restraining orders for physical or emotional abuse of spouse, registered partner or children, certificates for classes in anger management or other types of counseling, removal of child from the home for any reasons)?

- Are there records regarding the termination of parental rights or loss of custody of the inmate's (other) child?

- Has the inmate engaged in programming (e.g., parenting, anger management) during incarceration that would indicate efforts to improve parenting skills or that would indicate a commitment to caring for the child upon release?

*BOP Program Statement 5050.50* at 8-9, available at https://perma.cc/98YN

KRQX (updated Jan. 17, 2019; last visited April 2, 2025).

There is evidence of "repeated acts of violence committed by Brewer against his now-deceased wife, the mother of these children." Docket 73 at 7. We also know that Brewer's eldest son was in the vehicle during the assault underlying the current conviction. *Id.*

The second factor is whether Brewer had drugs, drug paraphernalia, or firearms while caring for his child before this current incarceration. Brewer

reported being a daily user of methamphetamine and alcohol at the time of his sentencing. Docket 54 ¶¶ 69, 72.

The third factor is Brewer's current relationship with his children and history of care. The court notes that Brewer's children were removed from his care by the Oglala Sioux Tribe Child Protection Services. *Id.* ¶ 59. As of his sentencing in 2024, Brewer had "no contact" with his youngest son. *Id.* ¶ 58. Brewer does not address efforts he has made to contact either of his sons since his incarceration.

The final factor the court should consider is the status of Brewer's parenting skills and whether he has participated in relevant programming to improve his parenting skills. Brewer does not identify any classes, programming, or obligations relevant to this consideration. The court notes that Brewer has taken only one class during his incarceration, "Exploring Europe," which is not helpful for parenting. Docket 72 at 54.

Based on all the reasons set forth above, Brewer's motion for release to care for his children fails to meet the legal requirements for extraordinary and compelling reasons.

## C. Care of Parent Pursuant to U.S.S.G. § 1B1.13(b)(3)(C)

Brewer next argues that his mother is incapacitated, and he is "the only available caregiver for her." Docket 71 at 5-6. He states that his "elderly mother [is] not in good health" and "she has cancer and many[,] many other medical problems." *Id.* at 6.

The United States argues that Brewer "has not shown with evidence that his mother is incapacitated" or that he "would be the only available caregiver" for his mother. Docket 73 at 8-9.

The court agrees. Brewer has not provided any medical records or other evidence setting forth that his mother is unable to care for herself and he does not indicate who is caring for his mother now. "The availability of any other potential caregiver is enough to preclude compassionate release for extraordinary and compelling reasons under § 1B1.13(b)(3)(C)." *United States v. Prado*, 2024 WL 3964420, at *3 (D.S.D. Aug. 28, 2024). Brewer has thus failed to meet the burden for extraordinary and compelling circumstances warranting compassionate release under § 1B1.13(b)(3)(C).

### D. Other Reasons Pursuant to U.S.S.G. § 1B1.13(b)(5)

The Sentencing Commission included something of a "catchall" category as a possible extraordinary and compelling reason for a sentence modification. It provides:

> The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13(b)(5).

Brewer provides the court with no new or additional information to be considered under this category. He does not specify "another circumstance" or a "combination of circumstances" that meet the requirements set forth above. Without additional information, neither the United States nor the court can

12

analyze this request. Thus, Brewer has also failed to meet the legal burden under this category.

### III. Sentencing Factors of § 3553(a)

The § 3553(a) sentencing factors confirm that compassionate release is not warranted in this case. The first factor the court considers under this section is "the nature and circumstances of the offense and the history and characteristics of the defendant[.]" 18 U.S.C. § 3553(a)(1). Brewer has a history of violence against his family and others, including the instant offense that left the victim with a broken cheek bone and a broken jaw. Docket 54 ¶ 7. He tried to influence his two sons to influence their mom, the victim, to "drop the charges." *Id.* ¶¶ 18-19. Brewer has convictions for wrongful possession of controlled substances. *Id.* at ¶¶ 38, 42, 44. Since 2008, he has had approximately 19 encounters with the Oglala Sioux Tribe Department of Public Safety, of which 10 were for violence against his domestic partner or a child. *Id.* ¶ 49. This type of lengthy violent criminal history does not indicate someone who has learned from their mistakes or someone who is willing to change his criminal behaviors.

The next factor the court considers is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). With a total offense level of 19 and a criminal history category of III, Brewer's guideline range was 37-46 months in custody. *Id.* ¶ 81. Based on the violence seen throughout his criminal history, this court sentenced him to the high end of

that range. Allowing him to serve only 20% of his sentence would not reflect the seriousness of the offense, it would not promote respect for the law, and it would not provide just punishment.

The remaining § 3553(a) factors also do not support a sentence reduction. If the court were to grant compassionate release, similar conduct by others would not be deterred because Brewer's punishment would not be severe enough to act as an effective deterrent. *See* 18 U.S.C. § 3553(a)(2)(B). Because Brewer committed a serious crime and has a history of violence, reducing his sentence would not protect his family or the public from further crimes committed by him. *See* 18 U.S.C. § 3553(a)(2)(C).

After careful consideration, the court concludes that Brewer's sentence continues to be appropriate for the seriousness of the crime he committed.

## CONCLUSION

Brewer has failed to satisfy the extraordinary and compelling reason standard for compassionate release. Thus, it is

ORDERED that Brewer's motion for relief under the FSA (Docket 71) is denied.

Dated March 13, 2026.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE